**Na'Donte B. LARRIMORE,**
**Petitioner–Appellant,**

v.

**L.E. SCRIBNER, Warden,**
**Respondent–Appellee.**

No. 08–56103.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 5, 2010.

Filed Feb. 18, 2010.

Jan Burns Norman, Los Angeles, CA, for Petitioner–Appellant.

Na'Donte B. Larrimore, pro se.

Jonathan Kline, AGCA–Office of the California Attorney General, Los Angeles, CA, for Respondent–Appellee.

Before: SCHROEDER, FISHER and N.R. SMITH, Circuit Judges.

MEMORANDUM *

Na'Donte Larrimore, a California state prisoner, appeals the district court's denial

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

of his 28 U.S.C. § 2254 habeas petition. Larrimore argues he was denied his Sixth Amendment right to confront a witness, Nancy Cornista, when the state trial court allowed the continued reading of Cornista's preliminary hearing testimony even after the court learned that she had contacted the prosecutor's office and had become potentially available. There is no dispute concerning the trial court's earlier ruling the witness was then unavailable.

Larrimore's claim that he did not have an adequate opportunity to cross-examine Cornista at the preliminary hearing is procedurally barred. *See Coleman v. Thompson,* 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). By stating only that he "object[ed] for the record," Larrimore failed to raise a timely and specific objection as required by California law. *See People v. Waidla,* 22 Cal.4th 690, 726 n. 8, 94 Cal.Rptr.2d 396, 996 P.2d 46 (2000). As to Larrimore's contention that the trial court should have further explored Cornista's potential future availability, we hold that the state court of appeal was not unreasonable in concluding that the witness remained unavailable to provide testimony. *See* 28 U.S.C. § 2254(d)(1).

**AFFIRMED.**